UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

COLUMBUS W. NEAL,               )
                                )
        Petitioner,              )
                                )
    vs.                          )   Case No.  04-1013-CV-W-ODS-P
                                )
MICHAEL KEMNA, et al.,           )
                                )
        Respondents.             )

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 from his convictions in the Circuit Court of Jackson County, Missouri, for first degree murder and armed criminal action. The Missouri Court of Appeals affirmed petitioner's convictions and the denial of his motion for post-conviction relief. Respondents' Exhibits E, L, and S (unpublished opinions).

Petitioner claims three grounds for relief. First, he claims that the trial court erred by overruling his *Batson*[1] challenge to the prosecutor's peremptory removal of venireperson Carolyn Moore. Reviewing that claim *ex gratia*,[2] the Missouri Court of Appeals found no constitutional error, ratifying the trial court's finding that

---

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986) (racial discrimination in the form of exercising peremptory challenges to exclude from the jury members of a criminal defendant's minority race violates his right to equal protection of the laws as guaranteed by the Fourteenth Amendment).

[2] The Missouri Court of Appeals found that petitioner's "particular challenge to the State's explanation [for removing Ms. Moore was] not preserved for review." Respondents' Exhibit E, p. 4 (unpublished opinion) (citation omitted).

Ms. Moore had not been removed on account of her race, but "because of her educational status [as] a GED student . . . ." Respondents' Exhibit E, pp. 4-5 (unpublished opinion).

The Missouri Court of Appeals' resolution of petitioner's *Batson* claim does not constitute "an unreasonable determination of the facts in light of the evidence" or a misapplication of "clearly established Federal law." 28 U.S.C. § 2254(d)(1) and (2). *See Weaver v. Bowersox*, 241 F.3d 1024, 1030 (8th Cir. 2001) ("deference to trial court fact-finding is doubly great" when considering *Batson* challenges because of the "'unique awareness of the totality of the circumstances surrounding voir dire'") (citation omitted); *United States v. Marin*, 7 F.3d 679, 685-87 (7th Cir. 1993) (lack of education is an acknowledged, non-discriminatory reason for striking a juror), *cert. denied*, 510 U.S. 1064 (1994). Relief will be denied on petitioner's first ground.

As his second ground for relief, petitioner claims that he was "convicted by a jury that was improperly influenced by direct contact with the victim's family." Doc. No. 1, p. 4c (petition). "A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." *Sloan v. Delo*, 54 F.3d 1371, 1381 (8th Cir. 1995), *cert. denied*, 516 U.S. 1056 (1996). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." *Id*. Petitioner defaulted his second ground for relief by failing to assert it on direct appeal. *See* Respondents' Exhibit C, p. 7 (brief on direct appeal).

2

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Petitioner has failed to demonstrate cause for his default. *See* Doc. No. 22 (petitioner's reply). Petitioner also has failed to show that he is "probably actually innocent" of the crimes for which he was convicted. *Bowman v. Gammon*, 85 F.3d 1339, 1346 (8th Cir. 1996), *cert. denied*, 520 U.S. 1128 (1997). Further review of petitioner's second ground for relief is not required to prevent a fundamental miscarriage of justice.

As his third ground for relief, petitioner claims that he was denied effective assistance of trial counsel for several reasons.[3] As one of those reasons, petitioner complains of an "un-resolvable conflict" with his attorney that resulted in "total abandonment." Doc. No. 1, p. 5a (petition). The Missouri Court of Appeals rejected that complaint, noting, *inter alia*, that petitioner failed to show that counsel was aware of his "broad" criticisms. Respondents' Exhibit L, p. 5 (unpublished opinion).

The Missouri Court of Appeals' resolution of petitioner's

---

[3]Petitioner also claims that appellate counsel "failed to raise and argue vital claims . . . that were raised by [his] pro se Rule 29.15 Motion [for post-conviction relief]." Doc. No. 1, p. 5c (petition). However, there is no constitutional right to effective legal assistance in post-conviction proceedings. *Jolly v. Gammon*, 28 F.3d 51, 54 (8th Cir.), *cert. denied*, 513 U.S. 983 (1994).

3

ineffective-assistance claim was not based on "an unreasonable determination of the facts in light of the evidence" or a misapplication of "clearly established Federal law." 28 U.S.C. § 2254(d)(1) and (2). *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (in order to establish ineffective assistance of counsel, habeas petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense).

As for petitioner's remaining ineffective-assistance claims, he procedurally defaulted those claims by failing to raise them properly in state court. *See* Doc. No. 11, pp. 6-7 (respondents' explanation of the default). Again, petitioner has failed to demonstrate cause for his default and to show that he is probably actually innocent of the crimes for which he was convicted. Further review of petitioner's remaining, defaulted claims is not required to prevent a fundamental miscarriage of justice. Relief will be denied on petitioner's third ground.

For the reasons explained above, petitioner has failed to allege grounds that warrant relief. Accordingly, it is **ORDERED** that this petition for a writ of habeas corpus is denied, and this case is dismissed with prejudice.

/s/ Ortrie D. Smith  
ORTRIE D. SMITH  
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: 6/2/05 .